UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIAN

MEEMIC INSURANCE COMPANY,
as subrogee of Jennifer Ann Peyerk,

    Plaintiff,

v

VITALIE BARBULAT and
WESTWAY GROUP CANADA, INC.

    Defendants.

Case No.   20-cv-

Honorable:

---

Andy J. VanBronkhorst (P72095)
HEWSON & VAN HELLEMONT, P.C.
Attorneys for Meemic Insurance Company
625 Kenmoor Ave., S.E., Ste. 304
Grand Rapids, MI 49546
(616) 949-5700
ajv@vanhewpc.com

# **COMPLAINT**

THERE IS ANOTHER CIVIL ACTION BETWEEN THESE PARTIES ARISING OUT OF THE SAME TRANSACTION OR OCCURRENCE AS ALLEGED IN THE COMPLAINT HAS BEEN PREVIOUSLY FILED IN THE UNITED STATES DISTRICT COURT THE FOR THE EASTERN DISTRICTION OF MICHIGAN, SOUTHERN DIVISION, CASE NO. 4:19-CV-11173-MFL-DRG AND ASSIGNED TO JUDGE MATTHEW F. LEITMAN AND REMAINS PENDING.

Meemic Insurance Company ("Meemic"), as subrogee of Jennifer Ann Peyerk ("Peyerk"), by its attorneys Hewson & Van Hellemont, P.C., states the following for its Complaint against Vitalie Barbulat ("Barbulat") and Westway Group Canada, Inc. ("Westway Group"):

## Jurisdiction and Venue

1. Barbulat is an individual residing at 131--100 George Henry Blvd., North York, Ontario, Canada M2J1E7.

2. Westway Group is a Canadian corporation whose principal place of business is at 9200 Dufferin St., Concord, Ontario, Canada.

3. Meemic is a Michigan no-fault insurer.

4. This lawsuit arises out of a motor-vehicle collision, in which Meemic's insured Peyerk was injured and for which Meemic paid insurance benefits.

5. The amount in controversy is more than $75,000.00, exclusive of interest, costs, and attorney fees.

6. This Court has either general jurisdiction over the Defendants, or, in the alternative, limited personal jurisdiction over the Defendants under Michigan's long arm statute at sections MCL 600.715(1), (2), and (5).

7. Jurisdiction is proper in this Court.

8. Venue is proper in this Court.

## General Allegations

9. On February 2, 2018, Peyerk was driving a 2008 Lincoln Navigator westbound on I69 near Belsay Road, in Burton, Michigan.

10. Barbulat, an employee of Westway Group, was driving a 2016 Volvo semi-truck westbound on I69, behind Peyerk in the Navigator.

11. Peyerk slowed the Navigator because of icy conditions on the roadway.

12. Barbulat failed to slow the Volvo semi-truck, and instead maintained a high rate of speed on the roadway. Barbulat drove the semi-truck into the rear of the Navigator, causing a collision between the two motor vehicles.

13. As a result of the collision, Peyerk sustained injuries.

14. On the date of the accident, Peyerk was insured under a no-fault insurance policy issued by Meemic.

15. Peyerk tendered claims to Meemic for no-fault benefits, and to date, Meemic has paid in excess of $655,000 on the claim.

16. Upon information and belief, the Volvo was registered in Canada, and was not insured under a policy of insurance providing Michigan no-fault benefits under MCL 500.3101.

17. Upon information and belief, Westway Group was not insured under a policy of insurance providing Michigan no-fault benefits under MCL 500.3101.

18. Upon information and belief, Barbulat was not insured under a policy of insurance providing Michigan no-fault benefits under MCL 500.3101.

19. Because the defendants were not insured by Michigan no-fault policies under MCL 500.3101, they did not enjoy tort immunity under MCL 500.3135.

20. MCL 500.3116 grants Meemic the right to recovery, in tort from Defendants, for the payments on the PIP claim.

## Count 1: Negligence against Barbulat

21. Barbulat owed Peyerk a duty of care.

22. Barbulat breached the duty of care by causing the rear-end collision between the Volve and the Navigator.

23. Barbulat breached the duty of care by driving too fast for conditions.

24. Barbulat breached the duty of care by failing to maintain an assured clear distance between the Volvo, which Barbulat was driving, and the Navigator.

25. Barbulat breached the duty of care by failing to slow the Volvo when Peyerk, driving the Navigator, slowed the Navigator in front of Peyerk.

26. Barbulat breached the duty of care by failing to switch lanes in order to safely pass the Navigator, which Peyerk was driving slower than Barbulat.

27. Barbulat breached the duty of care in ways that will be known in discovery.

28. Barbulat is per se negligent under MCL 257.402(a).

WHEREFORE, Meemic respectfully requests that this court enter a money judgment in its favor and against Defendants in an amount greater than this courts jurisdictional minimum, plus costs, interest, attorney fees, and any other relief that this court deems just.

### **Count 2: Liability Against Westway Group as Owner and as Employer**

29. Westway Group owned and registered the Volvo.

30. Under MCL 257.401, Westway Group is liable for the injuries caused to Peyerk because Westway Group was the owner of the Volvo, and it was being driven with Westway Group's express or implied consent or knowledge.

31. Further, Barbulat was, upon information and belief, an employee of Westway Group. Under the principles of respondeat superior, Westway Group is liable for Peyerk's negligence.

WHEREFORE, Meemic respectfully requests that this court enter a money judgment in

its favor and against Defendants in an amount greater than this court's jurisdictional minimum, plus costs, interest, attorney fees, and any other relief that this court deems just.

          Respectfully submitted,

          HEWSON & VAN HELLEMONT, P.C.

Dated: August 28, 2020      By:    */s/ Andy J. VanBronkhorst*
          Andy J. VanBronkhorst (P72095)
          Attorney for Meemic
          625 Kenmoor Ave., S.E., Ste. 304
          Grand Rapids, MI 49546
          (616) 949-5700